**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114430

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maribel Ocampo, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Nationwide Credit, Inc.,<br><br>    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Maribel Ocampo, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Nationwide Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5. Plaintiff Maribel Ocampo is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Nationwide Credit, Inc., is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 30, 2017. (**Exhibit 1.**")

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

19. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

20. The Letter states that, "The Account Balance above reflects the total balance due

as of the date of this letter. The itemization reflects post charge-off activity we received from American Express and as such is subject to timing and system limitations."

21. The least sophisticated consumer is left to guess what the "timing and system limitations" are.

22. The least sophisticated consumer is left to guess what effect "timing and system limitations" have on the stated amount due.

23. The least sophisticated consumer is left to guess what the current balance is.

24. The least sophisticated consumer could assume that the balance may be different on the date the letter is received versus the date of the letter.

25. The least sophisticated consumer would not know if the balance as of the date of the letter is different at the time the letter is received.

26. The least sophisticated consumer would not know if the balance as of the date of the letter is different at the time payment is to be made.

27. Based upon the foregoing, the least sophisticated consumer would be confused as to how she could satisfy the debt.

28. Based upon the foregoing, the least sophisticated consumer would be uncertain as to how she could satisfy the debt.

29. Defendant failed to clearly state the amount of the debt.

30. Defendant failed to unambiguously state the amount of the debt.

31. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

32. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

33. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

34. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

36. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

37. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

38. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

39. For the above stated reasons, Defendant also violated § 1692e.

## CLASS ALLEGATIONS

40. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter including the same "timing and system limitations" language used in the Letter herein, from one year before the date of this Complaint to the present.

41. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

42. Defendant regularly engages in debt collection.

43. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a letter including the same "timing and system limitations" language used in the Letter herein.

44. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: July 23, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114430

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5